UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cedric Brown,<br><br>                Plaintiff,<br><br>vs.<br><br>SSA/Cooper;<br>Homeport Insurance;<br>Elizabeth Silberi;<br>Dr. Andrew Todd;<br>Dr. Kristen Pyles,<br><br>                Defendants. | C/A No. 2:09-1577-CWH-BM<br><br>Report and Recommendation |

## Introduction

The plaintiff, Cedric Brown, proceeding *pro se*, brings this civil action seeking compensation pursuant to the Longshore Harbor Workers' Compensation Act. Plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims that the defendants have improperly denied him benefits, and seeks monetary damages as well as injunctive relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even when considered under this less stringent standard, however, the *pro se* complaint is subject

1

to summary dismissal, as the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Background

Based on a review of the Complaint and exhibits and Plaintiff's Answers to Local Rule 26.01 Interrogatories, it is apparent that Plaintiff seeks to appeal a decision entered by an Administrative Law Judge on February 4, 2009, which denied Plaintiff's request for benefits. *See* Docket Entry # 1, part 8 and Docket Entry # 2. It appears that Plaintiff intended to name two defendants in this lawsuit – his employer at the time of the accident at issue (SSA/Cooper) and the employer's insurance company (Homeport Insurance).[1] Plaintiff alleges that on January 30, 2005, he was injured on the job by a piece of steel striking him in the head, which resulted in an injury requiring 18 sutures. It further appears that Plaintiff was given medical attention and, pursuant to the Longshore Harbor Workers' Compensation Act ("LHWCA"), received money benefits from February 1, 2005, until February 24, 2005. Plaintiff alleges, however, that the defendants improperly terminated his money benefits too soon.

Plaintiff alleges that an attorney originally represented him, but that on July 13, 2007, he became *pro se*. Plaintiff alleges that he requested and had a hearing before "Honorable Commissioner Roche" (presumably a United States Administrative Law Judge), following which the "ALJ" dismissed his case. In this action, Plaintiff seeks compensation and proper medical care

---

[1] Because of the way Plaintiff wrote the caption on the Complaint, the Clerk of Court made several other individuals named defendants herein. However, from the totality of Plaintiff's documents it appears that Plaintiff identified Silberi, Todd, and Pyles as witnesses only, not as defendants.

for the head injury he received on January 30, 2005, as well as fairness, consideration, due care, justice, and happiness.

Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). Further, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends", although if the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 MOORE'S FEDERAL PRACTICE § 8.03[3] (3d ed. 1997)). Nevertheless, if the court, viewing the allegations in



3

the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Edwards*, 190 F.3d 654.

Here, although Plaintiff does not explicitly state that he seeks benefits pursuant to the LHWCA, his exhibits reveal that he is seeking benefits under the LHWCA and that the benefits he received during February 2005 (which he alleges were prematurely terminated) were pursuant to the LHWCA. The LHWCA and federal regulations provide that under appropriate circumstances a covered person shall receive compensation for injuries occurring on navigable waters and certain adjoining land areas in the course of employment by a statutory employer. *Lockheed Martin Corp. v. Morganti*, 412 F.3d 407, 411-12 (2nd Cir. 2005). The Secretary of Labor is charged with administering the LHWCA, and the Department of Labor's Office of Worker's Compensation Programs handles LHWCA issues. *See* 1 West's Fed. Admin. Prac. § 1104 (4th ed.). A purpose of the LHWCA is to compensate injured workers regardless of fault; *Norfolk Shipbuilding & Drydock Corp. v. Faulk*, 228 F.3d 378, 384 (4th Cir. 2000); and if a claimant is not satisfied with the decision of an ALJ, he may appeal to the Benefits Review Board of the United States Department of Labor. *See* 1 West's Fed. Admin. Prac. § 1141 (4th ed.). Further, if a claimant is not satisfied with the final decision of the Benefits Review Board, he may then appeal to the United States court of appeals for the circuit in which the injury occurred. Title 33 U.S.C. § 921(c); *Norfolk Shipbuilding & Drydock Corp. v. Faulk*, 228 F.3d 378, 380 (4th Cir. 2000). Accordingly, while it appears that the Plaintiff may appeal to the Benefits Review Board of the Department of Labor[2] and, thereafter, to the Fourth

---

[2] This court cannot discern whether Plaintiff has appealed to the Benefits Review Board.



4

Circuit Court of Appeals,[3] this United States District Court does not have jurisdiction to review the decision of the ALJ.

### Recommendation

Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Based on the forgoing, it is recommended that the Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke*, 490 U.S. at 324-25; *Haines v. Kerner*, 404 U.S. 519.

**Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

June 22, 2009
Charleston, South Carolina

---

[3] The address for the Clerk of Court for the Fourth Circuit Court of Appeals is: Patricia S. Connor, Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA, 23219-3517.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



6