IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 MAY 25  A 11: 24

| | |
|---|---|
| Cedric Brown, | Civil Action No. 2:09-cv-01577-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| SSA Cooper, Homeport Insurance, Elizabeth Silberi, Andrew Todd, and Kristen Pyles, | |
| Defendants. | |

This matter is before the Court on the report and recommendation of United States Magistrate Judge Bristow Marchant recommending that the Court dismiss the plaintiff's action without prejudice and without service of process for lack of subject matter jurisdiction. For the reasons set forth in this order, the Court adopts the report and recommendation and dismisses the action without prejudice.

## I. BACKGROUND

Cedric Brown ("the plaintiff" or "Brown") brought this action against SSA Cooper, Homeport Insurance, Elizabeth Silberi, Andrew Todd, and Kristen Pyles ("the defendants"), seeking compensation under the Longshore Harbor Workers' Compensation Act ("LHWCA"). Brown claims that he was injured on the job on January 30, 2005, when a piece of steel struck him in the head. The injury allegedly required 18 sutures. The plaintiff contends that he received medical treatment and compensation under the LHWCA beginning on February 1, 2005; however, he claims that on February 24, 2005, the defendants prematurely and improperly terminated his benefits. It appears that the plaintiff challenged the termination of his benefits



before an Administrative Law Judge ("ALJ"), who dismissed the action. Acting pro se, Brown filed this action in forma pauperis seeking compensation under the LHWCA and requesting a trial by jury.[1] In effect, Brown seeks to challenge the ALJ's ruling in this Court.

As the plaintiff was pro se, the case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C. On June 22, 2009, the magistrate judge issued a report and recommendation, recommending that the Court dismiss the plaintiff's action without prejudice and without service of process. The magistrate judge noted that a claimant seeking compensation under the LHWCA who is not satisfied with an ALJ's decision first must appeal to the Benefits Review Board of the Department of Labor and then to the Court of Appeals for the Circuit in which the injury occurred. The magistrate judge concluded that this Court lacked jurisdiction to review the ruling of the ALJ, and accordingly recommended that the case be dismissed without prejudice. The clerk's office mailed the plaintiff a copy of the report and recommendation and a notice advising him of his right to file written objections within ten days[2] of receiving the report and recommendation. See ECF No. 11.

The docket reflects that the plaintiff filed a late objection to the report and recommendation on August 5, 2009 (ECF No. 13); however, the plaintiff's filing does not specifically address the magistrate judge's recommendation that the case be dismissed for lack of subject matter jurisdiction. On October 15, 2009, November 17, 2009, December 9, 2009, and December 28, 2010, the plaintiff filed additional letters discussing his injury and the termination of his benefits. The plaintiff also filed a motion for judgment on August 31, 2010. Like his

---

[1] Brown filed his complaint on June 6, 2009; however, it does not appear that he ever served the defendants with a copy.

[2] In 2009, Rule 72 was amended to extend the period for filing objections from ten days to fourteen days. This amendment does not affect the timeliness of the plaintiff's objections in this case.



objections, these filings fail to address the magistrate judge's recommendation that the case be dismissed for lack of subject matter jurisdiction.

## II. DISCUSSION

The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b). A party's objections must specifically identify the portion of the magistrate judge's reasoning that the party contends is flawed. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (suggesting that de novo review is unnecessary where "a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks and citation omitted). Pro se submissions are to be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks and citations omitted). Nevertheless, the requirement of liberal construction does not mean that the Court can



ignore a clear failure in the pleadings to allege facts which set forth a federal claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

As noted above, the plaintiff's objection is untimely. Nevertheless, in light of his pro se status, the Court has analyzed the plaintiff's objection as well as the letters and motion he subsequently filed. The plaintiff has failed to challenge the magistrate judge's recommendation that the case be dismissed for lack of subject matter jurisdiction, and the Court agrees with the report and recommendation. This Court lacks jurisdiction to review the holding of the ALJ, and the Court therefore dismisses the plaintiff's claims without prejudice.

### III. CONCLUSION

After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation by reference in this Order. The plaintiff's claims are dismissed without prejudice.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

May 23, 2011
Charleston, South Carolina

